O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-01761 AHM (JTLx) | Date | May 13, 2008 |
|---|---|---|---|
| Title | ANGEL GATTUSO v. LOWE'S HIW, INC. et al | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys **NOT** Present for Plaintiffs:    Attorneys **NOT** Present for Defendants:

**Proceedings:**    IN CHAMBERS (No Proceedings Held)

The Court hereby ORDERS Defendant Lowe's HIW, Inc. TO SHOW CAUSE in writing by not later than May 27, 2008 why this action should not be remanded for lack of diversity jurisdiction. Defendant's response shall be accompanied by a sworn declaration that addresses the tests and factors described below.

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Systems, Inc.,* 80 F.3d 339 (9th Cir. 1996). Under 28 U.S.C. § 1441, any action brought in state court over which federal courts would have original jurisdiction may be removed by the defendant or defendants to the appropriate district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction either where an action arises under federal law or where the amount in controversy is greater than $75,000 (exclusive of interest and costs) and where there is complete diversity of citizenship between the parties. 28 U.S.C. §§ 1331, 1332(a). The removal statute is strictly construed against removal and the burden of establishing jurisdiction in the federal forum rests on the party invoking the statute – here, Defendant. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988); *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Jurisdiction is assessed as of the time of removal. *Ghaderi v. United Airlines*, 136 F.Supp.2d 1041 (N.D.Cal. 2001).

For purposes of diversity jurisdiction, a corporation is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). In order to determine which state is in fact the "principal place of business," the Ninth Circuit uses two tests: (1) the "place of operations" test and (2) the "nerve center" test. *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 500

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-01761 AHM (JTLx) | Date | May 13, 2008 |
|---|---|---|---|
| Title | ANGEL GATTUSO v. LOWE'S HIW, INC. et al | | |

(9th Cir. 2001).

    1.    The Place of Operations Test

Under the "place of operations" test, "a corporation's principal place of business [is] in the state which 'contains a substantial predominance of corporate operations.'" *Id.* (quotation omitted).

"'[S]ubstantial predominance' does not require the majority of a corporation's total business activity to be located in one state, but instead, requires only that the amount of [the] corporation's business activity in one state be *significantly larger* than any other state in which the corporation conducts business." *Tosco*, 236 F.3d at 500 (emphasis added). In the Ninth Circuit, the factors relevant to a determination of whether a particular state contains a "substantial predominance" of a corporation's activity are the location of (1) employees, (2) tangible property, and (3) production activities. Additional relevant factors are the location where (4) income is earned, (5) purchases are made, and (6) sales take place. *Id*.

Defendant shall set forth detailed evidence addressing all six of the above factors.

    2.    The Nerve Center Test

"The "nerve center" test is used *only* when it is established that no state contains a "substantial predominance" of the corporation's business activities. *Tosco Corp.*, 236 F.3d at 500 (emphasis omitted). Under the "nerve center" test, the principal place of business is the state in which the "executive and administrative functions [of the corporation] are performed." *Indus. Tectonics*, 912 F.2d at 1092, 1094.

Defendant shall also set forth detailed evidence addressing the "nerve center" test.

                                                                                                                              :

                                                Initials of Preparer        SMO

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-01761 AHM (JTLx) | Date | May 13, 2008 |
|---|---|---|---|
| Title | ANGEL GATTUSO v. LOWE'S HIW, INC. et al | | |